UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of<br>ADEAL IMPORT LLC,<br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782. | Case No.17-mc-80103-HRL<br><br>**ORDER RE: APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioner Adeal Import LLC ("Adeal") requests discovery in aid of a copyright infringement proceeding before the Arbitrazh Court of Moscow and 9th Court of Appeals in Russia pursuant to 28 U.S.C. Section 1782. Dkt. No. 1.

Adeal is a Russian company that sells household appliances online. Dkt. No. 3, Heath Decl., ¶ 3. Adeal hired an advertising agency to promote its online store, and the agency developed commercials that aired on Russian television. *Id.*, ¶ 4. UCF, a Cypriot company, sued Adeal for copyright infringement in the Arbitrazh Court of Moscow, alleging that the commercials contained UCF's copyrighted materials. *Id.*, ¶ 12. Adeal argues that the advertising agency developed the commercials and that Adeal never received nor had knowledge of or access to the copyrighted works. *Id.*, ¶ 17. After Adeal successfully defended against UCF's complaint at the Arbitrazh Court, *id.*, ¶ 13, Ex. G, UCF won its appeal by arguing that its agent, Yuri Istomin, sent an e-mail on June 18, 2013, to Adeal's President and CEO, Yury Emerenko and Valery Kovalev, respectively, that included the scripts to the copyrighted works, *id.*, ¶ 11, 14, Ex. I. The Russian Intellectual Property Court reversed and remanded to the 9th Court of Appeals for a new

proceeding. *Id.*, ¶ 15.

Adeal believes that the Istomin e-mail is fabricated because Eremenko and Kovalev purportedly never received it. In the application pending before the court, Adeal seeks leave to issue a subpoena requesting documents from Google, Inc. that may either prove or disprove the existence of the Istomin e-mail. *Id.* Adeal asserts that Google possesses such documents because Istomin and Emerenko possess G-mail accounts. *Id.*, ¶¶ 8, 9, 10, Exs. A, B. The subpoena requests account and subscriber information related to Istomin's alleged e-mail address, "non-content" information related to e-mails sent between Istomin, Kovalev, and Emerenko within several days of June 18, 2013, and any and all e-mail communications between Google and Istomin. Dkt. No. 5.

## LEGAL STANDARD

Ex parte applications are appropriate for seeking discovery pursuant to Section 1782. Ex parte applications are common in this context and "are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *3 (N.D. Cal. Sept. 15, 2010) (quoting *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)).

Pursuant to Section 1782, a district court may order a person residing within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a). This statute may be invoked where (1) the discovery is sought from a person residing in the judicial district in which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In addition to the statutory requirements, the Supreme Court has counseled that the district court should consider the

2

following discretionary factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264-65.

## DISCUSSION

### A. Statutory Requirements.

Google resides in Mountain View, Santa Clara County, California, within the Northern District of California. Dkt. No. 3, Heath Decl., ¶ 2. The requested discovery is for use in a foreign proceeding pending before the Arbitrazh Court of Moscow and the 9th Court of Appeals in Russia. And Adeal, as a litigant in the foreign proceeding, is an interested person. *Intel Corp.*, 542 U.S. at 256.

### B. Discretionary Factors.

(1) Google is not a participant in the foreign proceeding, which weighs in favor of permitting the discovery. (2) The Russian court is likely to be receptive to U.S. Court assistance. *In re: Application of Joint Stock Co. Raiffeinsenbrook*, No. 16-mc-80203-MEJ, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016) (permitting discovery in aid of a proceeding in Russia); *In re: Application of Imanagement Servs. Ltd.*, No. Civ. A 05-2311 (JAG), 2006 WL 547949 (D.N.J. Mar. 3, 2006) (noting that Russia and the United States are parties to the Hague Evidence Convention in support of its finding that Russia may be receptive to evidence obtained via Section 1782); Dkt. No. 3, Heath Decl., ¶ 16. (3) Adeal asserts that it is not seeking to circumvent foreign limitations on discovery, and the court has no reason to believe otherwise. Finally, (4) with one exception, the request is narrowly tailored, and seeks only subscriber and account information and non-content information related to e-mails sent during a limited period of time between specific e-mail addresses. The one aspect of the subpoena that is not narrowly tailored, and which the court strikes from the subpoena, is Adeal's request for "Any and all communications between [Google]

3

and 'Yury Istomin[.]'" Dkt. No. 5. Adeal has not demonstrated how such information is relevant to its defense, and the language of this request is broad enough to sweep in irrelevant communications.

These discretionary factors weigh in favor of allowing the requested discovery subject to the one exception described above. As such, Adeal's application for discovery pursuant to Section 1782 is GRANTED. Adeal may issue the proposed subpoena as modified by the court (and attached to this order). The instant order is without prejudice to Google or another interested party to seek to quash the subpoena. In the event any discovery disputes arise, the parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes, which, among other things, requires the submission of a joint discovery letter brief, rather than a noticed motion.

As the court has granted Adeal's ex parte application prior to the hearing date requested in Adeal's motion to shorten time, Dkt. No. 6, the court terminates that motion as moot.

**IT IS SO ORDERED.**

Dated: 8/21/2017

HOWARD R. LLOYD
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Adeal Import LLC ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 17MC08010 3 |
| ) | |
| ) | HRL |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google, Inc., c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95822

_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: Jacob M. Heath | Date and Time: |
|---|---|
| c/o Orrick, Herrington & Sutcliffe LLP | |
| 1000 Marsh Road, Menlo Park, CA 94025 | 08/31/2017 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/09/2017

CLERK OF COURT

_Betty Walton_                                    OR             _[signature]_
_Signature of Clerk or Deputy Clerk_                             _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Adeal Import LLC
Orrick, Herrington & Sutcliffe, 1000 Marsh Road, Menlo Park, CA 94025 , who issues or requests this subpoena, are:
Jacob M. Heath, jheath@orrick.com; (650) 614-7400.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. _____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are hereby requested to produce and allow inspection and copying of the following documents and things requested herein at the place, date and time specified in the attached subpoena, or at such other place, date and time as may be agreed to, in accordance with the Federal Rules of Civil Procedure and the following Definitions and Instructions.

## Definitions

These terms shall have the following definitions as used in this document unless a contrary meaning clearly appears from the context in which the term is used:

1. "Document(s)" includes all document and things defined by Fed.R.Civ.P. 34 and means any writings and includes, without limitation, all written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, and drafts, and both sides thereof, including, without limitation: letters, correspondence, papers, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, studies, bills, billings, invoices, worksheets, jottings, projections, notes, abstracts, advertisements, drawings, audits, charges, balance sheets, income statements, magazine articles, newspaper or periodical articles, annual reports, public filings, analyst reports, checks, diagrams, blueprints, diaries, calendars, logs, recordings, instructions, lists, minutes of meetings, orders, resolutions, telegrams, wires, cables, telexes, messages, resumes, summaries, tabulations, tallies, statistical analyses, tapes, computer tapes, tape recordings, computer printouts, input/output computer systems, e-mails, and all other informal or formal writing or tangible things on which any handwriting, typing, printing, or sound is recorded or reproduced, and any and all attachments, amendments or supplements to all of the foregoing, whether prepared by a party or another person. If necessary, all documents must be translated through detection or decoding device into useable form. "Documents"

includes every document known to you, every document that can be located or discovered by reasonably diligent efforts on your part and specifically includes, but is not limited to, those documents in your control, possession or custody, wherever such documents are located.

2. "Yury.Istomin@ucf.ru" refers to the email address Yury.Istomin@ucf.ru which Google manages and hosts through its enterprise services.

3. "Communication(s)" means any transmission or exchange of information, opinions, or thoughts, whether orally, in writing or otherwise, including but not limited to reports, mailings, conversations, meetings, letters, notes and telegraphic, facsimile, recordings, telex or computer-assisted electronic messages.

4. "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The singular of the term includes, where applicable, the plural and vice versa.

5. "You" or "your" refers to Google, Inc., and includes any and all of its present or former subsidiaries, parents, affiliates, divisions, successors, predecessors, agents, employees, representatives, directors, officers, trustees, attorneys, consultants, and all other persons or entities acting or purporting to act in whole or in part on behalf of or in the interests of Google, Inc.

6. The terms "concern," "concerns," and "concerning" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, and/or constituting (in whole or in part), as the context makes appropriate.

7. "Each" and "every" as used herein shall mean "each and every."

8. "Any" as used herein means any and all.

9. "Identity" of a person means the person's name, current business address, current home address, or, if unknown, the last-known business and home address, any

and all known phone numbers, email addresses, instant messaging addresses, IP addresses and any other information that actually or potentially identifies the person or reflects where they reside.

### Instructions

1. In responding to the following requests, furnish all documents within your possession, custody, or control as well as all documents within the possession, custody, or control of your agents, representatives, employees, attorneys, or any other person or entity acting on your behalf. These Requests call for the production of originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the documents described in these Requests. If you cannot fully respond to the following requests after exercising due diligence to secure the documents requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested documents.

2. Documents produced in response to these Requests shall be organized and labeled to correspond with the categories in these Requests or shall be produced as they are kept in the usual course of business. File folders with tabs or labels or directories of filed identifying documents called for by these requests must be produced intact with such documents.

3. Any documents produced in electronic form shall be produced together with any data, software or other tools necessary to permit the demanding party to locate, identify and read the responsive information contained therein as readily as can the responding party. Please produce any electronic documents in a readily usable or understandable form that does not reduce search-ability of the data and includes or retains any metadata associated with those documents (e.g., emails should be produced in a format that preserves full header information).

4.  If you withhold any responsive documents as privileged or otherwise protected from disclosure, with respect to each document, identify:

    (a) all persons making or receiving the privileged or protected communication;

    (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication;

    (c) the date of the communication; and

    (d) a description of the document or thing sufficient to identify the basis of the claim privilege or protection claimed.

5.  To the extent permitted and authorized by law, these Requests shall be deemed continuing so as to require further and supplemental production if you receive, discover, become aware of, or create additional responsive documents between the time of initial production and the time of trial.

6.  You must preserve any Documents responsive to these Requests, and these Requests serve to put you on notice of your obligation to do so.

### Documents and Inspection Requested to be Produced

1.  All documents, records or other information reflecting contact information, history of contact information, account sign-up information or information used to register the account Yury.Istomin@ucf.ru, including without limitation full name, physical address(es), phone number(s), and/or alternate email address(es) provided by the person using or assigned the foregoing email address.

2.  Complete non-content email header information for the emails in the email account Yury.Istomin@ucf.ru sent to or received from either Eremenko.Yury@gmail.com and/or Kovalev@holodilnik.ru between June 15, 2013 and June 20, 2013 (including without limitation the June 18, 2013 email sent at 7:46 p.m.

Moscow Standard Time, attached hereto at **Appendix A** in Russian and at **Appendix B** as a certified English translation), including all email addresses and other routing information..

3. All Documents, records, or other information reflecting present and historical IP connection logs, SMTP logs and IP addresses, browser, port and MAC address information associated with the email account for the email account Yury.Istomin@ucf.ru from June 15, 2013 at 12:00 a.m. to June 20, 2013 12:00 a.m. Moscow Standard Time.

4. ~~Any and all communications between You and "Yury Istomin," the purported owner of the Yury.Istomin@ucf.ru email account.~~

5. Preserve all Documents responsive to the foregoing requests.